# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:11-cv-651-FDW
# (3:05-cr-236-FDW-3)

| | |
|---|---|
| DAVID PRESLAR, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the Court on an initial review of Petitioner's Motion to Vacate, Set Aside or Correct Sentence filed pursuant to 28 U.S.C. § 2255. (Doc. No. 1). For the reasons that follow, Petitioner's Section 2255 motion will denied and dismissed.

## I. BACKGROUND

On November 7, 2006, Petitioner was convicted of one count of conspiracy to manufacture and possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 846 and 841 (Count One), and one count of using and carrying a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count Seven). Petitioner was sentenced to 78-months for conviction on Count One and a mandatory, consecutive term of 60-months imprisonment for conviction on Count Seven. (3:05-cr-00236, Doc. No. 64: Judgment in a Criminal Case at 1-2). Petitioner did not file an appeal.

Petitioner now challenges his sentence in this collateral proceeding contending that a recent Fourth Circuit case, United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), demonstrates that his prior convictions do not support the length of his prison sentence.

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. Petitioner has not requested an evidentiary hearing to resolve the claims raised in his Section 2255 motion, and after having considered the record in this matter, the Court finds that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Among other things, the AEDPA amended 28 U.S.C. § 2255 by imposing a one-year statute of limitations period for the filing of a motion to vacate. The limitation period runs from the latest of,

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4).

Petitioner's conviction became final in 2006, and Petitioner shows that he is well aware

that his Section 2255 motion, which was filed on December 22, 2011, is far outside the one-year statute of limitations as provided for in § 2255(f). Petitioner explains, however, that because his § 2255 motion was filed within one year of the date the Fourth Circuit filed its decision in Simmons, his motion is therefore timely. (3:11-cv-651, Doc. No. 1 at 12).

In the present case, Petitioner was convicted of conspiracy to manufacture and possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 846 and 841.[1] Following his conviction under § 841, Petitioner was subject to a term of imprisonment of not less than 5 years and no more than 40 years. Petitioner was sentenced to 78-months. Further, contrary to Petitioner's contention, there were no prior convictions which could possibly be affected by the holding in Simmons. For example, there was no Section 851 notice filed in Petitioner's case and no application of a career offender enhancement. According to his presentence report ("PSR"), Petitioner was assessed two criminal history points: (1) one point for a driving while impaired conviction in 1997; and (2) one point for conviction of misrepresentation in connection with his effort to obtain unemployment benefits in 2004. (3:05-cr-236, Doc. No. 101: PSR at 14-15).

In sum, even assuming Petitioner's Section 2255 motion is timely filed, he has presented no claim which could entitle him to any relief as his PSR identifies no convictions which were reached by the Simmons decision, namely, controlled substance offenses and crimes of violence.

### IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 is **DENIED** and **DISMISSED**. (Doc. No. 1).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing

---

[1] Petitioner raises no challenge to his conviction or sentence on Count Seven.

Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: October 26, 2012

Frank D. Whitney
United States District Judge